STATE OF NEBRASKA, APPELLEE, V. DELWYN L. SPEICHER
AND ELMER J. HERRICK, APPELLANTS.

279 N. W. 2d 162

Filed May 22, 1979. Nos. 42397, 42398.

John P. Murphy of Ruff & Murphy, for appellants.

Paul L. Douglas, Attorney General, and Sharon M. Brueggemann, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

The defendants were charged in separate complaints with violating section 39-6,179 (1) (b), R. S. Supp., 1978, which prohibits the operation of a tractor and semitrailer having a combined length in excess of 60 feet. The defendants were found guilty in county court and the judgments were affirmed in the District Court. They have now appealed to this court.

The parties stipulated that the tractor and semitrailer operated by the defendant Speicher was 64 feet in length and the tractor and semitrailer operated by the defendant Herrick was 63 feet, 11 inches in length.

The defendants claim that the vehicles which they were operating were a combination of a truck and trailer which under the statute may be 65 feet in length. § 39-6,179 (1) (c), R. S. Supp., 1978. Section 39-602, R. S. Supp., 1978, defines a semitrailer, trailer, truck, and truck-tractor as follows: "(88)

Semitrailer shall mean any vehicle, with or without motive power, designed to carry persons or property and to be drawn by a motor vehicle and so constructed that some part of its weight and that of its load rests upon or is carried by another vehicle; * * * (107) Trailer shall mean any vehicle, with or without motive power, designed for carrying persons or property and for being drawn by a motor vehicle and so constructed that no part of its weight rests upon the towing vehicle; * * * (109) Truck shall mean any motor vehicle designed, used, or maintained primarily for the transportation of property; (110) Truck-tractor shall mean any motor vehicle designed and primarily used for drawing other vehicles and not so constructed as to carry a load other than a part of the weight of the vehicle and load so drawn; * * *."

A photograph of the vehicle operated by the defendant Herrick is in evidence. It is apparent that the vehicle was a tractor and semitrailer with a box approximately the size of the cab located behind the cab of the tractor. The box was equipped with doors and was of sufficient size that property could be carried in it. The defendant contends that the addition of the box required the tractor to be classified as a truck because the tractor could now be used to carry a load other than a part of the weight of the trailer drawn by it.

The difficulty with the defendant's theory is that the statute defines a truck as a motor vehicle designed, used, or maintained *primarily* for the transportation of property. It is obvious that the use of the vehicle to haul objects in the box behind the cab was incidental to the primary use of the vehicle which was to draw trailers. Since the vehicle was designed and primarily used for drawing other vehicles, it was a truck-tractor under the statute.

The record indicates that photographs of the vehicle operated by the defendant Speicher were fur-

nished to the county court after the hearing. Since the photographs do not appear in the bill of exceptions, we presume the evidence was sufficient to sustain the decision of the county court.

The judgments are affirmed.

AFFIRMED.